



# OPINION

No. 04-09-00812-CV

**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO**,
Appellant

v.

Patricia **WEBBER-EELLS** and William Eells,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-17086
Honorable Peter A. Sakai, Judge Presiding

Opinion by:　　Catherine Stone, Chief Justice

Sitting:　　Catherine Stone, Chief Justice
　　　　　　Karen Angelini, Justice
　　　　　　Steven C. Hilbig, Justice, concurring in the judgment only

Delivered and Filed:　June 30, 2010

REVERSED AND RENDERED

Section 101.106 of the Texas Civil Practice and Remedies Code is entitled "Election of Remedies" and is applicable when an employee of a governmental unit is sued. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005). Since 2003, this statute has required a plaintiff to "decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). The

statute requires a plaintiff, at the time suit is filed, to make an "irrevocable election" between suing the governmental unit or the employee. *Id*. This irrevocable election is complicated by the fact that the plaintiff must determine both: (1) whether the employee was acting within the scope of his or her employment; and (2) whether the lawsuit "could have been brought" against the governmental unit, which, in the medical negligence context, typically involves a determination of whether the plaintiff's injuries were caused by the use of tangible personal property. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.106(f), 101.021 (Vernon 2005). Given the plethora of opinions addressing whether a claim involves the use of tangible personal property, and given that a case involving that issue has been pending before the Texas Supreme Court for approximately three years, it is clear that determining whether an injury resulted from the use of tangible personal property, even with existing legal precedent, is not simple or straightforward. *See Franka v. Velasquez*, 216 S.W.3d 409 (Tex. App.—San Antonio 2006, pet. granted).

Patricia Webber-Eells and William Eells (the "Eells") initially sued Kenneth R. Sirinek, M.D. in federal court for damages resulting from negligent medical treatment. After Sirinek filed a motion to dismiss pursuant to section 101.106(f) of the Code, the Eells filed an amended complaint conditionally substituting the University of Texas Health Science Center at San Antonio (UTHSCSA) for Sirinek. After the federal court dismissed both Sirinek and UTHSCSA from the federal lawsuit, the Eells filed a lawsuit against UTHSCSA in state court. The trial court denied UTHSCSA's motion to dismiss, and UTHSCSA now appeals. UTHSCSA contends the dismissal was mandatory because the Eells failed to comply with section 101.106(f) by timely filing amended pleadings in federal court that both dismissed Sirinek and named UTHSCSA as the defendant.

## BACKGROUND

In 2007, Patricia was admitted to a veteran's administration hospital for surgery to remove her gall bladder. During the surgical procedure, which was performed by Sirinek, Patricia allegedly suffered an intraoperative injury resulting in a five centimeter hole in her colon which led to multiple complications.

In March 2009, the Eells filed an original complaint in federal court against Sirinek and the United States of America alleging negligent medical treatment. On July 10, 2009, Sirinek filed a motion to dismiss pursuant to section 101.106(f) of the Code, asserting that his conduct was within the general scope of his employment by UTHSCSA and the suit could have been brought against UTHSCSA. The Eells filed a response to Sirinek's motion, asserting that the suit could not have been brought against UTHSCSA. The Eells contended that Sirinek's alleged negligent acts and the resulting injuries were not caused by the use of tangible personal property as required for UTHSCSA's immunity to be waived. Because section 101.106(f) would require the Eells to amend their pleadings by August 10, 2009, in the event the federal court ruled the suit could be brought against UTHSCSA, the Eells requested an expedited ruling from the federal court on Sirinek's motion to dismiss.

Since the federal court did not expedite its ruling, the Eells filed an amended complaint on August 7, 2009, naming UTHSCSA as a conditional defendant, as follows:

> To the extent the Texas Tort Claims Act applies to the claims asserted against Defendant KENNETH R. SIRINEK, M.D., and the UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO is determined to be the appropriate Defendant for the claims asserted against Defendant KENNETH R. SIRINEK, M.D., Plaintiffs assert the following claims of negligence against Defendant UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO as set forth herein.

On September 16, 2009, UTHSCSA filed a motion to dismiss in federal court asserting: (1) the Eells' claims were barred by the Eleventh Amendment which requires a suit against a state agency to be brought in state court; and (2) the Eells alleged a medical malpractice claim under the Texas Tort Claims Act that was required to be brought in state court.

On September 29, 2009, the federal court signed an order granting Sirinek's motion. The federal court concluded that tangible personal property in the form of surgical instruments caused Patricia's injuries, stating, "After all, the failures to diagnose and treat the bowel leak would not have been issues if the bowel had not first been perforated." On October 19, 2009, the federal court signed an order granting UTHSCSA's motion to dismiss, concluding the Eells' claims were barred by the Eleventh Amendment. The Eells did not appeal the federal court's orders.

On October 19, 2009, the Eells filed the underlying lawsuit in state court. UTHSCSA filed a motion to dismiss, asserting the Eells failed to timely amend their pleadings in federal court to dismiss Sirinek as required by section 101.106(f). The Eells responded that the motion to dismiss should be denied because the Eells substantially complied with section 101.106(f) by amending their complaint to conditionally substitute UTHSCSA. The Eells also asserted that the purposes of section 101.106 would not be served by dismissing their claims. After a hearing, the trial court denied UTHSCSA's motion, and UTHSCSA filed this appeal.

## STANDARD OF REVIEW

The issue presented in this appeal requires this court to interpret the meaning of section 101.106(f). "The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the Legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). "Where text is clear, text is determinative of that intent." *Id.* "This

general rule applies unless enforcing the plain language of the statute as written would produce absurd results." *Id.* "Therefore, our practice when construing a statute is to recognize that 'the words [the Legislature] chooses should be the surest guide to legislative intent.'" *Id.* (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)). Statutory waivers of immunity are narrowly interpreted because the Legislature's intent to waive immunity must be clear and unambiguous. *Mission Consol. Ind. Sch. Dist.*, 253 S.W.3d at 655.

### CALDERON AND BRIGGS

Section 101.106(f) provides:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005). UTHSCSA primarily relies on two opinions to assert the trial court erred in denying its motion to dismiss. *See Tex. Dept. of Agriculture v. Calderon*, 221 S.W.3d 918 (Tex. App.—Corpus Christi 2007, no pet.); *Huntsville Ind. Sch. Dist. v. Briggs*, 262 S.W.3d 390 (Tex. App.—Waco 2008, pet. filed).

A.      *Calderon*

In *Calderon*, the plaintiffs filed a lawsuit against an employee of the Texas Department of Agriculture (TDA), alleging that the employee negligently caused an automobile accident that injured the plaintiffs. 221 S.W.3d at 920. After the employee filed a motion to dismiss pursuant to section 101.106(f), the plaintiffs amended their pleadings to name both the employee and the

TDA as defendants. *Id*. The trial court subsequently granted a second motion to dismiss filed by the employee, but denied a plea to the jurisdiction filed by the TDA. *Id*.

On appeal to the Corpus Christi court, the TDA contended the trial court erred in denying its plea because: (1) the TDA became immune under section 101.106(b) when the plaintiffs irrevocably elected to sue the employee instead of suing the TDA; and (2) the TDA retained its immunity under section 101.106(f) when the plaintiffs failed to dismiss the employee and substitute the TDA in response to the employee's motion to dismiss. *Id*. The Corpus Christi court noted that the question presented was two-fold: (1) whether section 101.106(b) conferred immunity from suit on the TDA; and (2) what effect section 101.106(f) had in relation to section 101.106(b) under the facts of the case. *Id*. at 921.

The Corpus Christi court first held that the TDA became immune from suit under section 101.106(b) when the plaintiffs initially filed suit against the employee.[1] *Id*. Although section 101.106(b) does not utilize the word "immunity," the court concluded that it is an immunity statute. *Id*. The court reasoned that the Legislature's use of the phrase "bars any suit" in section 101.106(b) operated as an unequivocal grant of immunity from suit to a governmental unit upon the plaintiffs filing of suit against the employee. *Id*. at 922.

The Corpus Christi court next considered what effect section 101.106(f) had with respect to the TDA's immunity derived from section 101.106(b). *Id*. The court asserted that section 101.106(f) confers immunity on a sued employee based on the employee's motion to dismiss if: (1) the employee's alleged conduct occurred in the scope of her employment; and (2) suit could have been brought against the governmental unit. *Id*. In addition, the court noted that section

---

[1] Section 101.106(b) provides, "The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005).

101.106(f) has a second potential effect - that of removing a governmental unit's immunity derived from section 101.106(b) - by requiring the plaintiff to substitute the governmental unit as the defendant in place of the employee in order to maintain the lawsuit. *Id*. at 923. "In order for the governmental unit's immunity under section 101.106(b) to be removed by section 101.106(f), however, the plaintiff must comply with the procedural requirements of section 101.106(f)." *Id*. "Thus, the plaintiff must file an amended pleading that both dismisses the employee and substitutes the governmental unit as the defendant within thirty days of the employee's motion to dismiss." *Id*. "If however, the plaintiff fails to timely file such an amended pleading, section 101.106(f) requires that the suit against the employee be dismissed by the trial court." *Id*. "In that event, the governmental unit retains its immunity from suit derived from section 101.106(b), and the plaintiff loses the opportunity to name the governmental unit in place of the employee as the defendant in the lawsuit." *Id*.

Under the facts presented, the Corpus Christi court reasoned that the plaintiffs had thirty days to file an amended petition from the date the employee filed her first motion to dismiss. *Id*. Because the plaintiffs failed to dismiss the employee but instead simply added the TDA as an additional defendant, the court held that the plaintiffs failed to comply with the procedural requirements of section 101.106(f). *Id*. As a result, the court held the trial court properly dismissed the employee, but improperly denied the TDA's plea to the jurisdiction because the TDA retained its immunity under section 101.106(b). *Id*. at 923-24.

B.    *Briggs*

In *Briggs*, the plaintiff sued an employee of Huntsville Independent School District (HISD) after his car was hit from behind by a school bus driven by the employee. 262 S.W.3d at 391. The employee filed a motion to dismiss pursuant to section 101.106(f). *Id*. Although the

plaintiff amended his petition to add HISD as a defendant within thirty days after the employee filed the motion to dismiss, the plaintiff did not amend his petition to remove the employee as a defendant until after the thirty-day deadline. *Id*. HISD filed a plea to the jurisdiction, asserting immunity under section 101.106(b), which the trial court denied. *Id*.

The Waco court asserted, "What we need to decide in this appeal is what effect the untimely election under subsection (f) to dismiss the employee and substitute the governmental unit as a party to the suit has on the governmental unit's immunity established by subsection (b)." *Briggs*, 262 S.W.3d at 393. The Waco court then discussed the decision in *Calderon*, agreeing with its analysis until the *Calderon* court determined that subsection (f) required the suit against the employee to be dismissed if the plaintiff failed to timely file an amended pleading. *Id*. at 394. Instead, the Waco court asserted that the employee could be dismissed only if the employee proved the two prerequisites for dismissal, i.e., conduct within the scope of employment and suit could have been brought against the governmental unit under the Texas Tort Claims Act. *Id*.; *see also Wilkins v. McManemy*, No. 14-06-00876-CV, 2009 WL 838139, at *9 (Tex. App.—Houston [14th Dist.] Mar. 31, 2009, pet. filed) (noting dismissal of employee would be proper only if the employee proved entitlement to dismissal after a hearing). The Waco court reasoned:

> When a defendant employee files a motion to dismiss under subsection (f), the plaintiff has two choices. He can wait, not amend his petition, and see if the trial court agrees with the employee that the suit filed is a suit under the Texas Tort Claims Act, which meets the two prerequisites of the statute, and dismisses the suit against the defendant employee. Or, he can go ahead and timely amend his petition by both dismissing the employee and substituting the governmental unit as a party. He has 30 days from the filing of the motion to dismiss to timely amend.
>
> There is certainly a risk with either choice. If the plaintiff waits, does not amend, and the trial court dismisses his suit against the defendant employee, he has missed his chance to sue the governmental unit, because he has opted to sue

the employee first regarding the same subject matter. Whether the employee is initially sued in her individual or official capacity is irrelevant. The benefit of waiting is that if the trial court does not grant the employee's motion to dismiss because the employee has not proved the necessary prerequisites, the employee is still a defendant in the suit. But, if the plaintiff decides to amend, and does not do so timely, regardless of whether a subsection (f) motion has been granted, he has also missed the chance to sue the governmental unit.

*Briggs*, 262 S.W.3d at 394-95 (citations omitted).

Discussing the facts of the case presented, the Waco court noted that the plaintiff chose to file his lawsuit against the employee. *Id*. at 395. Once the suit was filed, HISD became immune from suit under section 101.106(b). *Id*. Because the plaintiff failed to timely dismiss the employee within thirty days from the date of the employee's motion to dismiss pursuant to section 101.106(f), HISD retained its immunity under section 101.106(b), and its plea to the jurisdiction should have been granted. *Id*.

## ANALYSIS

A.      Substantial Compliance

The Eells counter UTHSCSA's reliance on *Calderon* and *Briggs* by asserting that they substantially complied with section 101.106(f) when they conditionally substituted UTHSCSA in their timely amended federal complaint. In support of this position, the Eells primarily rely on three cases involving a post-suit notice requirement. In those cases, however, the courts expressly noted that compliance with the statute in question was not jurisdictional. *Ballesteros v. Nueces County*, 286 S.W.3d 566, 569-70 (Tex. App.—Corpus Christi 2009, pet. stricken); *Dallas County v. Autry*, 251 S.W.3d 155, 158 (Tex. App.—Dallas 2008, pet. denied); *Dallas County v. Coskey*, 247 S.W.3d 753, 755-56 (Tex. App.—Dallas 2008, pet. denied). Only after determining that the statute was not jurisdictional did the courts determine that substantial compliance with

the statute was sufficient. *Ballesteros*, 286 S.W.3d at 570-72; *Autry*, 251 S.W.3d at 158; *Coskey*, 247 S.W.3d at 756-57.

Unlike the statute examined in the cases cited by the Eells to support their substantial compliance argument, section 101.106 involves governmental immunity and is jurisdictional. *Calderon*, 221 S.W.3d at 921-22 (discussing immunity under section 101.106(b)); *Phillips v. Dafonte*, 187 S.W.3d 669, 672-74 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Although section 101.106 has procedural aspects, "[t]he procedural rights the legislature granted also have a substantive impact." *Phillips*, 187 S.W.3d at 673. The plaintiff's choices and procedural actions impact the immunity of either the governmental unit or the employee of the governmental unit; therefore, section 101.106 is a jurisdictional statute involving the waiver of immunity. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009) (noting immunity is a jurisdictional question); *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (noting immunity deprives a trial court of subject matter jurisdiction). As such, we must strictly construe it, and the Eells' "conditional pleading" is not sufficient to comply with the express dictates of section 101.106(f) which requires both the dismissal of the employee and the naming of the governmental unit as the defendant. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006) (noting statutes waiving sovereign and governmental immunity should be strictly construed); *City of Houston v. Hildebrandt*, 265 S.W.3d 22, 26 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (same). In fact, the Eells' conditional pleading must be likened to the alternative pleadings that the Texas Supreme Court has stated section 101.106 was intended to prevent. *See Mission Consol. Ind. Sch. Dist.*, 253 S.W.3d at 657.

B.      Absurd Result

The Eells next contend that UTHSCSA's interpretation of the statute would lead to an absurd result.  We start with the concept that sovereign immunity, unless waived, protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue the State.  *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).  Even if a plaintiff asserts a claim on which the State acknowledges liability, immunity precludes a remedy until the Legislature consents to suit.  *Id*.  The judiciary has "consistently deferred to the Legislature to waive sovereign immunity from suit, because this allows the Legislature to protect its policymaking function."  *Texas Nat. Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002).  "Indeed, in the Code Construction Act, the Legislature expressed its desire to maintain control over sovereign immunity '[i]n order to preserve [its] interest in managing state fiscal matters through the appropriations process . . . .'"  *Id*. (quoting TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009)).  "Subjecting the government to liability may hamper governmental functions by shifting tax resources away from their intended purposes toward defending lawsuits and paying judgments."  *Id*.  "Accordingly, the Legislature is better suited than the courts to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public must ultimately bear."  *Id*.

The Texas Tort Claims Act provides a limited waiver of immunity from certain suits against governmental entities, including suits alleging liability arising from the condition or use of tangible personal property.  *Mission Consol. Ind. Sch. Dist.*, 253 S.W.3d at 655-56.  After the Texas Tort Claims Act was enacted, plaintiffs often sought to avoid its requirements and damages caps by suing the employees of the governmental entity instead of the entity.  *Id.* at 656.

"To prevent such circumvention, and to protect governmental employees, the Legislature created an election-of-remedies provision." *Id.* As originally enacted, section 101.106, entitled "Employees Not Liable After Settlement or Judgment," provided:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

*Id.* (citing prior version of statute). "Employees were thus afforded some protection when claims against the governmental unit were reduced to judgment or settled, but there was nothing to prevent a plaintiff from pursuing alternative theories against both the employee and the governmental unit through trial or other final resolution." *Id.*

In 2003, as part of a comprehensive effort to reform the tort system, the Legislature amended section 101.106. *Id.* That section, entitled "Election of Remedies," now provides:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

> (c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit or recovery from any employee of the same governmental unit regarding the same subject matter.

> (d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

     (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005). "The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Ind. Sch. Dist.*, 253 S.W.3d at 657. "By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs." *Id.* "Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Id.*

In amending section 101.106, the Legislature intended to reduce the delay and expense associated with allowing plaintiffs to plead alternative theories against both a governmental unit and its employee. *Id.* Thus, the plaintiff must make an irrevocable election at the time suit is filed. *Id.* If the plaintiff files suit against the governmental unit, suit against the employee regarding the same subject matter is forever barred. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) (Vernon 2005). If the plaintiff files suit against the employee, suit against the

governmental unit regarding the same subject matter is forever barred unless the governmental unit consents. *Id*. at § 101.106(b).

Because section 101.106 strongly favors the dismissal of the governmental employee, *see Waxahachie Ind. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied), different rules apply if the plaintiff refuses to make the irrevocable election by suing one party and instead sues both the employee and the governmental unit. In that situation, dismissal of the employee is mandatory if the governmental unit files a motion seeking the dismissal of the employee. *Id*. at § 101.106(e). If the employee files a motion seeking dismissal, however, the plaintiff retains control over the election of whether to pursue the claim against the employee or the governmental unit; however, the plaintiff must decide which party to continue pursuing within thirty days. *See id*. at § 101.106(f). If the plaintiff decides to continue the suit against the employee, the plaintiff need not take any action, and the employee's motion can be granted only if the employee proves that his conduct was within the general scope of his employment and that the suit could have been brought against the governmental unit. *Briggs*, 262 S.W.3d at 394. By pursuing the claim against the employee, however, the plaintiff is forever barred from pursuing the claim against the governmental unit.[2] *Id*. On the other hand, if the plaintiff decides to continue the suit against the governmental unit, the plaintiff must file amended pleadings both

---

[2] In a letter of additional citations, the Eells quote the following sentence from an opinion from one of our sister courts, "The plaintiff is protected against a subsequent dismissal of the governmental employer by putting the employee to his burden of demonstrating that suit 'could have been brought under this chapter' against the governmental employer before the employee obtains a dismissal order. *See Phillips*, 187 S.W.3d at 675." *Hintz v. Lally*, 305 S.W.3d 761, 769 (Tex. App.—Houston [14th Dist.] 2009, pet. filed). We initially note that the quoted language is dicta since the decision in *Hintz* was based on section 101.106(a). *Hintz*, 305 S.W.3d at 768-771. In addition, the only authority cited to support the proposition that the plaintiff is "protected against a subsequent dismissal of the governmental employer" is *Phillips v. Dafonte*, 187 S.W.3d 669, 675 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In *Phillips*, however, the trial court denied the employees' motion to dismiss, and the Houston court affirmed, holding the employees did not show the lawsuit could have been brought against the governmental employer. 187 S.W.3d at 677. Because the governmental employer was never a party to the lawsuit, it is difficult to understand how the *Hintz* court construed the decision in *Phillips* as addressing the protection of the plaintiff against the dismissal of the governmental employer.

dismissing the employee and naming the governmental unit as the defendant within thirty days. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (Vernon 2005).

The Eells argue that requiring the plaintiff to make this decision before a trial court rules on the employee's motion to dismiss leads to an absurd result because the employee has the burden of proving the two prerequisites to dismissal: (1) that the employee was within the scope of his employment; and (2) that the suit could have been brought against the governmental unit. Although we certainly understand the Eells' frustration given the difficulties faced in determining whether a claim involves the use of tangible personal property, we cannot agree that the language of the statute leads to an absurd result. Instead, the result appears to be the result intended by the "crystal clear" and unambiguous language used by the Legislature in section 101.106(f). *Villasan v. O'Rourke*, 166 S.W.3d 752, 759 (Tex. App.—Beaumont 2005, pet. denied). By placing a thirty-day deadline on the ability of the plaintiff to make a decision regarding which party to pursue after an employee files a motion to dismiss, the Legislature clearly did not intend to allow a plaintiff to await a trial court's ruling before making that decision. Although an argument could be made that allowing the plaintiff to await the trial court's ruling would be more just, imposing the deadline does not lead to an absurd result in the overall context of the statute. Therefore, any argument regarding language that might be more just would have to be directed to the Legislature, not the judiciary.

## CONCLUSION

While we recognize that the Legislature may be "better suited than the courts to weigh the conflicting policy issues associated with waiving immunity," *see Texas Nat. Res. Conserv. Comm'n*, 74 S.W.3d at 854, this appeal illustrates the challenges faced by plaintiffs when they bring a medical negligence claim against an employee of a governmental entity. Although the

statute refers to an "Election of Remedies," plaintiffs, no doubt, believe they are left without any remedy. Constrained by the language of section 101.106, we reverse the trial court's order and render judgment dismissing the underlying lawsuit.

Catherine Stone, Chief Justice