# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00708-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Rufina Benavides, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-10-002354, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety (DPS) appeals a district court order denying the agency's jurisdictional challenge to a personal-injury suit filed against it by appellee Rufina Benavides. We will affirm the district court's order.

DPS did not challenge the facts Benavides alleged in her petition, so we take them as true for purposes of our analysis. *See Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 513 (Tex. App.—Austin 2010, no pet.) ("We construe the pleadings liberally, taking them as true, and look to the pleader's intent.") (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). To summarize those facts, Benavides's lawsuit arises from a three-car pileup that was triggered when a dog ran into Austin's South Congress Avenue. As the runaway dog traversed Congress, Benavides happened to be riding in a car that her son, James, was driving down that thoroughfare. James slowed to avoid hitting the dog,

and was himself rear-ended by a Ford F150 pickup driven by Charlton A. Brown, a DPS employee who was acting within the course and scope of his employment. Brown claimed that he was pushed into Benavides by a third vehicle, driven by Alexandria Cortez-Stewart, that hit him from behind.

Benavides filed a personal-injury damages suit against Brown and DPS, asserting negligence theories against Brown and respondeat superior liability on the part of the agency. She invoked the waiver of sovereign immunity provided in section 101.021(1) of the Tort Claims Act (the Act). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011) ("A governmental unit in the state is liable for: (1) . . . personal injury . . . proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the . . . personal injury . . . arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law . . . ."); *id.* § 101.025 (West 2011) (waiving sovereign immunity to the extent of liability created by the Act).

DPS responded in part by moving to dismiss Benavides's claims against Brown pursuant to subsection (e) of the Act's election-of-remedies provision, section 101.106:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

*See id.* § 101.106(e) (West 2011). The Supreme Court of Texas has held that "a suit . . . filed under this chapter" encompasses all common-law tort theories alleged against a governmental unit, not just those for which the Tort Claims Act waives immunity. *See Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011) ("'[W]e have never interpreted 'under this chapter' to only encompass tort claims for which the Tort Claims Act waives immunity.' Rather, 'all [common-law] tort theories alleged

2

against a governmental unit . . . are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106.'") (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008)). There is no dispute that Benavides's suit was thus one "filed under this chapter," thereby implicating subsection (e). The district court granted DPS's motion and dismissed Benavides's claims against Brown, and Benavides has not complained of this ruling.[1]

On the next day, DPS filed another motion to dismiss challenging jurisdiction over Benavides's claims against it. This time, DPS invoked subsection (b) of section 101.106:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b) (West 2011). The gravamen of DPS's position was that Benavides had "elected" under section 101.106 to have *no* remedy—because she had sued both DPS and its employee Brown, subsection (e) mandated dismissal of her claims against Brown, yet the fact she had asserted those claims against Brown triggered subsection (b)'s "irrevocable election . . . and . . . bar[]" of her suit against DPS regarding the same subject matter. *Id.* The

---

[1] On the same day the district court signed its order dismissing Brown, Benavides filed a notice of nonsuit of her claims against him. The district court's order, however, preceded the nonsuit by a few hours. Additionally, on the following day, Benavides filed a first amended petition omitting her claims against Brown but also adding negligence claims against Cortez-Stewart (the motorist who Brown claimed rear-ended him) and the dog's owner, Nora Harvey.

3

district court denied DPS's second motion to dismiss without elaboration. DPS then brought this interlocutory appeal.[2]

In a single issue, DPS urges that the district court erred in denying its second jurisdictional challenge because subsection (b) mandated dismissal. DPS's position is founded on the premise that subsection (b) has application in cases where, as here, a plaintiff asserts common-law tort claims against both a governmental unit and its employee and thereby implicates subsection (e). The courts of appeals have struggled in ascertaining whether this is in fact so.[3] However, even assuming without deciding that subsection (b) would have application to this case, it remains that the provision's "irrevocable election" and "bar" would not apply to a suit against the governmental unit to which "the governmental unit consents." *Id*. A governmental unit

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2011); *see also Franka v. Vasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) (noting prior version of section 101.106 was an "immunity statute" from which appeal could be taken under section 51.014(a) and holding that, despite subsequent revisions, "the character of the statute as one conferring immunity remains unchanged") (quoting *Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997)); *University of Tex. Health Sci. Ctr. at San Antonio v. Webber-Eells*, 327 S.W.3d 233, 240 (Tex. App.—San Antonio 2010, no pet.) ("[S]ection 101.106 is a jurisdictional statute involving the waiver of immunity.").

[3] *See, e.g.*, *City of Houston v. Atkins*, No. 01-12-00190-CV, 2012 WL 2357488, at *3 (Tex. App.—Houston [1st Dist.] June 21, 2012, no pet. h.) (mem. op.) ("[S]ubsection (b) has no application when a plaintiff simultaneously sues the governmental unit and its employee, and the plaintiff elects the unit as its chosen defendant.") (citing *City of Houston v. Esparza*, No. 01-11-00046-CV, 2011 WL 4925990, at *5-6 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed) (op. on reh'g) (rejecting argument that "subsections (b) and (e) apply without reference to each other" but analyzing whether governmental unit consented to suit under subsection (b)); *Texas Tech Univ. Health Sci. Ctr. v. Villagran*, No. 07-11-00257-CV, 2012 WL 967366, at *7 (Tex. App.—Amarillo Mar. 22, 2012, no pet. h.) ("When a claimant files suit against both a governmental unit and its employee, that governmental unit cannot use both subsections 101.106(b) and 101.106(e) to require dismissal of all claims."). *Cf. Hernandez v. City of Lubbock*, 253 S.W.3d 750, 756 (Tex. App.—Amarillo 2007, no pet.) (analyzing interplay of sections 101.106(a) (barring of suit against government employee when plaintiff files suit against governmental unit) and 101.106(e)).

"consents" to a lawsuit against itself, the Texas Supreme Court has explained, through the Legislature's waiver of sovereign immunity against that suit. *Garcia*, 253 S.W.3d at 660 (holding Texas Commission on Human Rights Act's waiver of immunity constituted "consent" to suit for purposes of section 101.106(b)). And under this Court's precedents, the Legislature's waiver of sovereign immunity in section 101.021 of the Tort Claims Act suffices as "consent" to suit under 101.106(b). *Barnum v. Ngakoue*, No. 03-09-00086-CV, 2011 WL 1642179, at *11 (Tex. App.—Austin Apr. 29, 2011, pet. granted) (mem. op.). Although DPS urges us to revisit *Barnum*, we will continue to follow it unless and until the supreme court instructs us otherwise.

DPS has not challenged the sufficiency of the facts pled by Benavides to establish a waiver of sovereign immunity under section 101.021(1). Applying *Barnum*, these facts would likewise establish the "consent" of DPS to Benavides's suit against it for the purposes of subsection (b), thereby avoiding any bar that provision would otherwise impose by virtue of her having also sued Brown. Consequently, assuming without deciding that subsection (b) would have application under the circumstances here, it would not deprive the district court of subject-matter jurisdiction over Benavides's claims against DPS. Accordingly, we overrule DPS's sole issue and affirm the district court's order.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 8, 2012

5