

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00696-CV

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON** and
Morgan M. Pomeranz, M.D.,
Appellants

v.

Soine **FISHER**, Individually on Behalf of All Wrongful Death Beneficiaries of Buster Fisher,
Deceased, and on Behalf of Buster Fisher, Deceased,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-23131
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: December 13, 2023

REVERSED AND RENDERED

This is an interlocutory appeal challenging the trial court's order denying a dismissal motion based on section 101.106(e) of the Texas Tort Claims Act (TTCA). Appellants The University of Texas Health Science Center at Houston (UTHSCH) and Dr. Morgan M. Pomeranz contend the trial court erred by finding Dr. Pomeranz was a borrowed servant instead of an employee entitled to dismissal. Because we conclude Dr. Pomeranz was an employee of UTHSCH

under section 101.106(e) of the TTCA, we reverse the trial court's order and render judgment dismissing the suit against Dr. Pomeranz for lack of jurisdiction.

## BACKGROUND

Appellee Soine Fisher[1] sued UTHSCH and Dr. Pomeranz as well as several other defendants for health care liability claims after her husband, Buster Fisher, died from complications stemming from gastric bypass and hernia repair surgery. The surgery had been performed at Bariatric Medical Institute of Texas, PLLC (BMI) by a team of doctors, including medical fellow Dr. Pomeranz, who was enrolled in a fellowship program at UTHSCH, a governmental unit. As part of the fellowship program, UTHSCH assigned Dr. Pomeranz to work at BMI, a private practice facility specializing in bariatric medicine.

UTHSCH moved to dismiss the suit against Dr. Pomeranz pursuant to section 101.106(e) of the TTCA. It argued Dr. Pomeranz was a paid employee working in the course and scope of his employment with UTHSCH, and because he was an employee of UTHSCH, the suit should be immediately dismissed against him. Soine responded by arguing Dr. Pomeranz was subject to BMI's right of control as a borrowed servant and ceased being an employee of UTHSCH when he was caring for patients, including Buster, at BMI.

The trial court agreed with Soine, found Dr. Pomeranz was a borrowed servant, and denied UTHSCH's motion. UTHSCH and Dr. Pomeranz appealed, arguing the trial court erred because Dr. Pomeranz's status as a UTHSCH fellow made him an employee of UTHSCH under section 101.004 of the TTCA, and as a result, he was entitled to dismissal as an employee. They further argue Dr. Pomeranz was not a borrowed servant because UTHSCH judicially admitted Dr.

---

[1] Soine bought this suit individually on behalf of all wrongful death beneficiaries of Buster Fisher, deceased, and on behalf of Buster Fisher, deceased.

Pomeranz was an employee who was acting in the course and scope of his employment and UTHSCH retained control over the academic aspects of his fellowship.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to dismiss pursuant to section 101.106(e) of the TTCA de novo. *Crockett Cnty. v. Damian*, 622 S.W.3d 58, 60 (Tex. App.—El Paso 2020, no pet.); *see City of Webster v. Myers*, 360 S.W.3d 51, 56 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). This is because the dismissal motion raises an immunity issue, which invokes a question of subject matter jurisdiction—a question of law subject to a de novo review. *Myers*, 360 S.W.3d at 56 (citing *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) and *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)).

## APPLICABLE LAW

"The Tort Claims Act, contained in chapter 101 of the Texas Civil Practice and Remedies Code, provides a limited waiver of immunity for tort suits against the government." *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 414 (Tex. 2015) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008)). Section 101.106, known as the election-of-remedies provision, "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017) (quoting *Garcia*, 253 S.W.3d at 657) (internal quotation marks omitted). It also serves to ease "the burden placed on governmental units and their employees in defending duplicative claims" by favoring the dismissal of employees when a suit is brought against a governmental unit and its employee. *Cannon*, 453 S.W.3d at 415; *see Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 355 (Tex. 2013) (explaining section 101.106's election scheme favors expedient dismissal of governmental employees when suit should have been

brought against government). When we must determine the meaning of section 101.106's various provisions, the Texas Supreme Court instructs us to "favor a construction that most clearly leads to the early dismissal of a suit against an employee when the suit arises from an employee's conduct that was within the scope of employment and could be brought against the government under the TTCA." *Id.* at 355.

> Specifically, subsection (e)—the section at issue—provides:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(e). The plain language of the subsection forces an election "when a plaintiff sues both the governmental unit and its employee and the governmental unit moves to dismiss its employee." *Tex. Dep't of Pub. Safety v. Deakyne*, 371 S.W.3d 303, 310 (Tex. App.—San Antonio 2012, pet. denied) (construing the meaning of subsection 101.106(e)). "[T]he employee becomes the non-elected defendant and is dismissed," and "the governmental unit remains in the suit as the elected defendant." *Id.*; *see also Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 532 (Tex. 2017) ("If the plaintiff nevertheless sues both employer and employee, section 101.106(e) requires that the employee 'immediately be dismissed' on the employer's motion."); *Ngakoue*, 408 S.W.3d at 358 (explaining once employee is dismissed, suit proceeds solely against the government so long as immunity is otherwise waived).

The crux of this case centers on whether Dr. Pomeranz was an employee for purposes of the TTCA. The TTCA defines "employee" as:

> a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

TEX. CIV. PRAC. & REM. CODE § 101.001(2). In *Marino v. Lenoir*, the Texas Supreme Court explained for this statutory definition of employee to apply, the defendant must be "in the paid service" of the claimed governmental unit but not "a person who performs tasks the details of which the government does not have the legal right to control." 526 S.W.3d 403, 406 (Tex. 2017). In that case, the Texas Supreme Court held a UTHSCH medical resident was not entitled to dismissal because she failed to establish the governmental unit had an actual right to control the details of her work. *Id.* at 406–10; *see Prater v. Owens*, 667 S.W.3d 363, 372–73 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (summarizing *Marino*'s holding); *Stallworth v. Robinson*, No. 04-21-00205-CV, 2021 WL 5496345, at *3 (Tex. App.—San Antonio Nov. 24, 2021, no pet.) (mem. op.) (highlighting under *Marino*, to establish one's status as employee, party must show he was "in the paid service of the governmental unit *and* the governmental unit ha[d] an actual right to control the details" of his work (quoting *Marino*, 526 S.W.3d at 406–09) (internal quotations omitted)). After *Marino*, the Legislature enacted section 101.004, which provides:

> For purposes of [the TTCA], a resident or fellow in a graduate medical training program for physicians that is sponsored by a governmental unit . . . is considered to be an employee of a governmental unit regardless of the method or source of payment of the resident or fellow.

TEX. CIV. PRAC. & REM. CODE §101.004; *Prater*, 667 S.W.3d at 372–73 (explaining section 101.004 was enacted to clarify medical residents and fellows of government-sponsored training programs receive same liability protection as other state employees of sponsoring unit); (citing Senate Comm. on Higher Educ., Bill Analysis, Tex. S.B. 1755, 86th Leg., R.S. (2019)).

### APPLICATION

As indicated above, UTHSCH and Dr. Pomeranz contend Dr. Pomeranz was an employee entitled to dismissal because: 1) under the plain language of section 101.004, Dr. Pomeranz's status as a UTHSCH fellow makes him an employee; 2) UTHSCH judicially admitted Dr. Pomeranz was

its employee, and it is the proper defendant; and 3) UTHSCH retained the right of control over Dr. Pomeranz's fellowship.

Soine, however, contends Dr. Pomeranz does not have employee status merely because he was a medical fellow. According to Soine, the statutory definition of employee set out in section 101.001(2) requires UTHSCH to show it has the right to control the details of Dr. Pomeranz's work, and section 101.004, which concerns medical residents and fellows, does not obviate this requirement. Soine further contends UTHSCH did not have the right to control the details of Dr. Pomeranz's work, and Dr. Pomeranz was acting as a borrowed servant of BMI.

Here, it is undisputed Dr. Pomeranz was a medical fellow of UTHSCH. Due to his status as a medical fellow, the parties focus a significant portion of their arguments on reconciling the language in section 101.001(2) with section 101.004, inviting us to determine whether UTHSCH's right of control over Dr. Pomeranz must be established to make him an employee under the TTCA. We decline the invitation to make this determination because Dr. Pomeranz's status as an employee is determined by the pleadings, particularly UTHSCH's dismissal motion. *See Rios*, 542 S.W.3d at 534–35 (holding status of doctors as employees was determined by plaintiff's petition and defendants' pleadings, specifically their motion to dismiss under section 101.106(e)).

As recently recognized by our sister court, the Texas Supreme Court held in *University of Texas Health Science Center at Houston v. Rios* the parties' pleaded judicial admissions are dispositive in determining whether an individual defendant is an employee of a governmental unit for dismissal purposes under subsection 101.106(e). *See Rios*, 542 S.W.3d at 532–35; *see, e.g.*, *Acclaim Physician Grp., Inc. v. Wright*, No. 02-22-00389-CV, 2023 WL 6889978, at *12 (Tex. App.—Fort Worth Oct. 19, 2023, no pet. h.) (mem. op.) (citing *Rios*). In *Rios*, when the governmental-unit hospital moved to dismiss the individual-physician defendants under subsection 101.106(e) by claiming they were hospital employees, the Texas Supreme Court held

the plaintiff's decision to pursue a vicarious liability theory against the hospital amounted to a judicial admission as to the individual-physician defendants' status as hospital employees. 542 S.W.3d at 534 ("Assuming Rios intended to plead a viable claim, his allegation was a judicial admission that the Center's actions through the Doctors were through employees, relieving the defendants of having to prove that fact."). The court further reasoned the status of the individual-physician defendants as employees was "borne out by [the] defendants' pleadings," pointing to the section 101.106(e) dismissal motion filed by the government-unit hospital. *Id*. at 535; *see Ngakoue*, 408 S.W.3d at 358 (explaining the filing of section 101.106(e) motion by government unit "effectively confirm[ed]" doctors were employees and it was proper defendant).

In this case, Soine alleged UTHSCH was vicariously liable for the torts of its employees, naming Dr. Pomeranz as the only potential employee of UTHSCH. By deciding to pursue a vicarious liability theory against UTHSCH and alleging UTHSCH was liable due to Dr. Pomeranz's actions, Soine judicially admitted Dr. Pomeranz was UTHSCH's employee. *See Rios*, 542 S.W.3d at 534. Soine, however, contends her pleadings do not amount to a judicial admission because she maintained Dr. Pomeranz acted as a borrowed servant for BMI throughout her petition and UTHSCH was only "conditionally sued." This argument ignores the Texas Supreme Court's recognition an individual defendant's status as an employee of a governmental entity may also be borne out of the governmental-unit defendant's pleadings, specifically its motion to dismiss under section 101.106(e). *See id*; *Ngakoue*, 408 S.W.3d at 358. And, we must remain mindful the filing of a motion to dismiss triggers the right to dismissal under section 101.106(e). *See Rios*, 542 S.W.3d at 538 (emphasizing the filing of a motion to dismiss triggers the right to dismissal based on section 101.106(e)'s plain language). Here, UTHSCH's motion to dismiss under subsection 101.106(e) alleged Dr. Pomeranz was a paid employee working in the course and scope of his employment with UTHSCH, effectively confirming Dr. Pomeranz's status as a UTHSCH

employee and its status as the proper defendant to sue. *See id*. at 535. Soine's argument also ignores the fact her conditional pleading is the type of pleading "section 101.106 was intended to prevent." *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber-Eells*, 327 S.W.3d 233, 240 (Tex. App.—San Antonio 2010, no pet.) (rejecting plaintiff's conditional pleading and plaintiff's attempt to avoid invoking section 101.106 of the TTCA (citing *Garcia*, 253 S.W.3d at 657)). Accordingly, we conclude based on the dispositive nature of the parties' pleadings, Dr. Pomeranz is an employee of UTHSCH, entitling him to dismissal under subsection 101.106(e) of the TTCA.[2]

## CONCLUSION

Based on the foregoing, we reverse the trial court's order denying UTHSCH's section 101.106(e) motion to dismiss Dr. Pomeranz, and we render judgment dismissing Dr. Pomeranz from this suit.

Luz Elena D. Chapa, Justice

---

[2] In light of our disposition, we need not reach UTHSCH and Dr. Pomeranz's other issues. *See* TEX. R. APP. P. 47.1.