# IN THE SUPREME COURT OF TEXAS

══════════
No. 11-0686
══════════

TEXAS ADJUTANT GENERAL'S OFFICE, PETITIONER,

v.

MICHELE NGAKOUE, RESPONDENT

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

JUSTICE BOYD, joined by JUSTICE JOHNSON, JUSTICE WILLETT, and JUSTICE GUZMAN, dissenting.

The plaintiff in this case sued a government employee after they were involved in a car accident that they agree occurred within the scope of the employee's employment with a governmental unit.[1] Two subsections of the Texas Tort Claims Act's election-of-remedies provision apply to such a suit: 101.106(b) and 101.106(f). Subsection (b) provides that the filing of a suit against an employee of a governmental unit "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents."[2] Subsection (f) says two things about such a suit: first, the suit "is considered to be against the employee in the employee's official capacity only," and second, upon the employee's motion, the suit "shall be dismissed

_____

[1] Although the governmental unit, the petitioner in this case, has not expressly agreed that the accident occurred within the scope of the employee's employment, it has not contested it in this Court.

[2] *See* TEX. CIV. PRAC. & REM. CODE § 101.106(b).

unless," within thirty days, the plaintiff files an amended pleading dismissing the employee and naming the governmental unit as the defendant.[3]

In this case, after the employee filed a motion to dismiss, the plaintiff filed an amended pleading that *kept* the employee as a defendant *and added* the governmental unit as an additional defendant. The court of appeals held that, because the plaintiff failed to do what subsection (f) allowed, his claims against the employee must be dismissed, and the plaintiff has not appealed that holding. But the court of appeals went on to hold that the plaintiff's claims against the governmental unit need not be dismissed, and the governmental unit has appealed that holding. The Court affirms, based not on the court of appeals' reasoning or even on the plaintiff's arguments, but on a completely new construction of the statute. In my view, the Court substantially rewrites the statute to reach this result, revising the language of subsection (f) and rendering subsection (b) meaningless. Section 101.106 is admittedly difficult to construe, but reading the statute as a whole, and staying as true as possible to the language the Legislature enacted, I would hold that, because the plaintiff failed to do the only thing subsection (f) allowed him to do to avoid dismissal—that is, dismiss the employee and name the governmental unit as the defendant—his claims against the governmental unit must be dismissed. I therefore respectfully dissent.

## I.
## Statutory Construction

This case requires us to interpret and apply section 101.106 of the Tort Claims Act. In construing a statute, "[o]ur task is to effectuate the Legislature's expressed intent." *In re Allen*, 366

---

[3] *See* TEX. CIV. PRAC. & REM. CODE § 101.106(b).

2

S.W.3d 696, 703 (Tex. 2012). Our search for legislative intent begins with the statute's language: "Legislative intent is best revealed in legislative language." *In re Office of Att'y Gen.*, No. 11-0255, 2013 WL 854785, at \*4 (Tex. Mar. 8, 2013). When the statute's language is unambiguous and does not lead to absurd results, our search also ends there: "Where text is clear, text is determinative." *Id.*; *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). "Enforcing the law as written is a court's safest refuge in matters of statutory construction, and we should always refrain from rewriting text that lawmakers chose . . . ." *See Entergy*, 282 S.W.3d at 443. We cannot add words into, or delete language from, a statutory provision unless doing so is "necessary to give effect to clear legislative intent," because "[o]nly truly extraordinary circumstances showing unmistakable legislative intent should divert us from enforcing the statute as written." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 867 (Tex. 1999).

In construing the statute's text, we give the words their plain, ordinary meaning unless the statute indicates an alternative meaning. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (observing that statutory terms are given ordinary meaning unless assigned different meaning by statute or different meaning is apparent from context). But "plain meaning" does not mean devoid of context; to the contrary, we have always considered statutes "as a whole" rather than as "isolated provisions." *See id.* at 441 ("Language cannot be interpreted apart from context. The meaning of a word that appears ambiguous when viewed in isolation may become clear when the word is analyzed in light of the terms that surround it.").

# II.
## Section 101.106

Section 101.106 of the Tort Claims Act, entitled "Election of Remedies," contains six separate subsections, each of which begins by describing the kind of "suit," "claim," or "judgment" to which it applies:

(a)     The filing of *a suit under this chapter against a governmental unit* constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b)     The filing of *a suit against any employee of a governmental unit* constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c)     The settlement of *a claim arising under this chapter* shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d)     A *judgment against an employee of a governmental unit* shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e)     If a *suit is filed under this chapter against both a governmental unit and any of its employees*, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f)     If a *suit is filed against an employee of a governmental unit* based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106 (emphases added).[4]

I agree with the Court that the principal purpose of section 101.106 is to force plaintiffs to choose, early and irrevocably, between seeking recovery from a governmental employer or its employee individually. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) ("The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the scope of employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs."). Every provision of the statute operates to ensure this effect. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (prohibiting recovery against one after filing of suit or obtaining judgment or settlement against the other, and providing for dismissal of one when both are sued).

Another purpose of the statute is to encourage plaintiffs to pursue claims based on a government employee's conduct within the scope of employment against the governmental unit. *See Garcia*, 253 S.W.3d at 657 ("[T]he Tort Claims Act's election scheme is intended to protect

---

[4] Subsections (a), (c), (e), and (f) apply to suits and claims that are or could have been brought or filed "under this chapter," which we have interpreted to include "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees," *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008), and "even if the Act does not waive immunity" for the suit. *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011). Subsections (b) and (d), which address suits and judgments against a government employee, are not limited to those brought "under this chapter."

governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer."). Subsections (e) and (f) most directly operate to achieve this end, adopting procedures for swift dismissal of the employee in such suits. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e), (f). Subsections (a) and (c)) also serve this purpose by preventing subsequent suits against the employee. *See id.* § 101.106(a), (c)).

Taken together, the subsections of section 101.106 "force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the government is vicariously liable" for the harm the employee caused. *Garcia*, 253 S.W.3d at 657. Based on that decision, the plaintiff is required "to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone." *Id.* Depending on which choice the plaintiff makes, one or more of section 101.106's subsections will apply to achieve the statute's purposes.

## A. Suit against the governmental unit

If a plaintiff elects to sue a governmental unit for harm that its employee tortiously caused, then subsection (a), which addresses "a suit under this chapter against a governmental unit," applies. TEX. CIV. PRAC. & REM. CODE § 101.106(a). Under subsection (a), the plaintiff who elects to sue the governmental unit cannot later decide to sue the employee: the decision to sue the governmental unit "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit

6

or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."[5] *Id.*

**B.      Suit against both the governmental unit and its employee**

If a plaintiff elects to sue both a governmental unit and its employee, then subsection (e), which addresses a suit "under this chapter against both a governmental unit and any of its employees," applies. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e). Subsection (e) does not necessarily prohibit a suit from proceeding against both defendants, but if the governmental unit files a motion to dismiss the claims against the employee, those claims "shall immediately be dismissed." *Id.* Subsection (e) thus "protect[s] governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer." *Garcia*, 253 S.W.3d at 657. Upon the dismissal of the employee, the governmental unit remains as the only defendant.

**C.      Suit against the government employee**

Finally, as in the present case, a plaintiff may elect to sue only a government employee. Unlike a suit against a governmental unit, a suit against a government employee does not necessarily reflect that the plaintiff has decided whether the employee was acting within or outside the scope of employment. The plaintiff may sue the employee in the employee's official capacity (thus implicating the governmental unit's vicariously liability) or in the employee's individual capacity (thus seeking to hold the employee personally liable) or in both capacities.

---

[5] Similarly, under subsection (c), the settlement of such a claim will "immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter." *Id*. § 101.106(c).

7

### 1. Subsection (b)'s bar and its exception

Regardless of the capacity allegations, when the plaintiff chooses to sue the government employee, then subsection (b), which addresses "a suit against any employee of a governmental unit," applies. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(b). As a corollary to subsection (a), subsection (b) provides that a plaintiff who chooses to sue a government employee cannot later decide to sue the governmental unit: the decision to sue the employee "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter." *Id.*

Unlike subsection (a), however, subsection (b) provides an exception: a plaintiff who sues a government employee cannot sue or recover from the governmental unit "*unless* the governmental unit consents." *Id*. (emphasis added). Because "the manner in which the government conveys its consent to suit is through the Constitution and state laws," we held in *Garcia* that the exception applied and subsection (b) did not bar claims against a governmental unit when the Legislature had "consented to suits" by waiving immunity under the Texas Commission on Human Rights Act. *See Garcia*, 253 S.W.3d at 660. Thus, the "consent" that provides an exception to subsection (b)'s bar includes statutory waivers of immunity, "provided the procedures outlined in the statute have been met." *Id*.

### 2. Subsection (f)'s dismissal provisions

When a plaintiff elects to sue a government employee, subsection (f) may also apply. Subsection (f) applies when a suit "is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought

under this chapter against the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(f). We have held that "any tort claim against the government is brought 'under' the Act for purposes of section 101.106, even if the Act does not waive immunity" for that claim. *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011). Thus, while subsection (b) applies to *all* suits against a government employee, subsection (f) applies only when the government employee "acted within the general scope of his employment and suit could have been brought under the Act—that is, his claim is in tort and not under another statute that independently waives immunity." *Id*. at 381.

As the Court has previously explained, "section 101.106(f)'s two conditions are met in almost every negligence suit against a government employee," so employee-defendants are usually entitled to dismissal upon the filing of a motion. *See Franka*, 332 S.W.3d at 381. The parties agree that subsection (f) applies to the present case. Thus, this suit is "considered to be against the employee in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE § 101.106(f). If the employee moves to dismiss under subsection (f), the trial court "shall" grant the employee's motion and dismiss the plaintiff's suit against the employee "unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id*. § 101.106(f). If the plaintiff timely files amended pleadings dismissing the employee and naming the governmental unit as defendant, the suit will proceed only against the governmental unit.

The plaintiff may, however, decline to amend the pleadings in response to a motion to dismiss under subsection (f). The employee's assertion that the suit is based on conduct within the scope of the employee's employment does not make it so. The issue of whether the complained-of

9

conduct occurred within the scope of employment will not have been finally adjudicated when the plaintiff decides whether to dismiss the employee and sue the governmental unit instead. As we noted in *Franka*, once an employee files a motion to dismiss under subsection (f), the plaintiff has thirty days to decide "whether to acquiesce and sue the government instead," and the statute does not mandate that the trial court rule on the motion within that time. 332 S.W.3d at 380. There may be fact issues that a jury must resolve to establish whether the conduct at issue was within the scope of employment. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (concluding as a matter of law that employee was not within scope of employment when there was "no conflicting evidence or conflicting set of inferences to raise a genuine issue of material fact"). And even if the trial court rules on a subsection (f) motion within thirty days, the ruling is subject to review on appeal. *Cf. Franka*, 332 S.W.3d at 380 (observing that "[e]ven if the plaintiff obtained the trial court's ruling [on waiver of immunity] before having to decide whether to dismiss the employee, there would be no assurance that the ruling would be upheld on appeal, especially after the issue was relitigated with the government.").

This means that, after an employee files a motion to dismiss under subsection (f), a plaintiff is faced with the same choice he otherwise faces under subsections (a) and (b) when he first files suit: he must choose a single avenue of recovery—against the government or the employee—at a time when there may be uncertainty as to which avenue of recovery is the right one under the facts of the case. Subsection (f), like the election-of-remedies provision as a whole, forces a Tort Claims Act plaintiff to decide early whether the government employee acted within the scope of

10

employment, and makes the plaintiff, rather than the governmental unit or its employee, bear the consequences if the decision is wrong.

### III.
### Application

In the present case, as the Court acknowledges, the plaintiff "originally elected to bring suit only against [the employee]" and "[o]nce [the employee] filed his motion to dismiss, [the plaintiff] faced a choice: (1) dispute that [the employee] acted in his official capacity and urge the court to deny [the employee's] motion to dismiss, thus pursing his claims against [the employee] alone, or (2) pursue his claim against [the employer], the governmental unit, which would in turn end his suit against [the employee]." *Ante* at __. But when the employee filed a motion to dismiss under subsection (f), the plaintiff attempted to pursue yet a third course: instead of choosing not to file an amended pleading, or choosing to file an amended pleading dismissing the employee and naming the governmental unit as defendant, the employee filed an amended pleading adding the governmental unit as a defendant, without dismissing the employee.[6]

I would hold that, by failing to do what subsection (f) allowed him to do, the plaintiff forfeited the opportunity that subsection (f) would have given him to add the governmental unit as defendant. And in the absence of subsection (f)'s authorization to add the governmental unit,

---

[6] The plaintiff's amended pleading was titled "Plaintiff's First Amended Petition and Motion to Dismiss as to Defendant Franklin Barnum," but in the body and prayer of the pleading, the plaintiff did not request dismissal of the employee, and instead continued to assert claims against, and seek relief from, the employee. Although the plaintiff contends in this Court that he at least "substantially complied" with subsection (f)'s requirement to dismiss the claims against the employee, I agree with the Court's conclusion that he did not.

11

subsection (b) (which applies any time a plaintiff sues an employee) forever bars the plaintiff's claims against the governmental unit.

## A.     Subsection (f) is an exception to subsection (b).

By their own terms, both subsections (b) and (f) apply when a plaintiff sues a government employee, although the latter applies only when that suit is based on conduct within the scope of employment and could have been brought against the governmental unit under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(b), (f).  Subsection (b) provides that the plaintiff's filing of a suit against the employee "immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents." *Id.* § 101.106(b).  Yet subsection (f) expressly authorizes the plaintiff to respond to the employee's motion to dismiss by filing amended pleadings naming the governmental unit as a defendant. *Id.* § 101.106(f).  The governmental unit in this case contends that subsection (f) provides a limited exception to subsection (b)'s bar, arguing that this construction is the only way to give effect to both subsection (b)'s prohibition (against suing the governmental unit) and subsection (f)'s permission (to sue the governmental unit).  I agree with the governmental unit and with the courts of appeals that have held that subsection (f) is an exception to the bar in subsection (b).[7]

---

[7]  *See, e.g.*, *Tex. Tech Univ. Health Sci. Ctr. v. Williams*, 344 S.W.3d 508, 513 (Tex. App.—El Paso 2011, no pet.) ("[T]he governmental unit's immunity from 'any suit or recovery' thus retained under Subsection (b) remains subject to removal under Subsection (f) if the employee defendant moves for dismissal of the suit against him."); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber-Eells*, 327 S.W.3d 233, 236 (Tex. App.—San Antonio 2010, no pet.) (dismissing suit against governmental unit after plaintiff failed to comply with subsection (f)); *Huntsville Indep. Sch. Dist. v. Briggs*, 262 S.W.3d 390, 395 (Tex. App.—Waco 2008, pet. denied) (holding that plaintiff who sued government employee and amended to add governmental unit in response to employee's motion to dismiss could not pursue claims against governmental unit because plaintiff "did not comply with the procedural requirements of subsection (f). Therefore, the protections of subsection (b) were still available to [the governmental unit]."); *Tex. Dep't of Agric. v. Calderon*, 221 S.W.3d 918, 923–24 (Tex. App.—Corpus Christi 2007, no pet.) (holding that plaintiffs who initially sued employee and amended to add governmental unit in response to employee's motion to dismiss could not proceed against

**B.      The plaintiff failed to trigger subsection (f)'s exception to subsection (b).**

Subsection (f) expressly authorizes the plaintiff to assert claims against the governmental unit (despite the bar in subsection (b)) only if the plaintiff's amended pleadings both "dismiss the employee *and* add the governmental unit as defendant." TEX. CIV. PRAC. & REM. CODE § 101.106(f) (emphasis added).  By failing to dismiss the employee, the plaintiff in this case did not meet the requirements that would have permitted him to avoid the bar in subsection (b) and sue the governmental unit.  I would therefore hold that subsection (b) bars the plaintiff's claims against the governmental unit, "unless the governmental unit consents."

**C.      The "consent" exception to subsection (b) does not apply.**

Before applying subsection (b)'s "consent" exception, the court of appeals reached the same conclusion I do above—because the plaintiff failed to comply with subsection (f), his claims were barred by subsection (b).  2011 WL 1642179, at *8. But the court held that the "consent" exception applied, and subsection (b) did not bar the plaintiff's claims against the governmental unit, because the Tort Claims Act waives immunity for suits based on a governmental employee's negligent operation of a motor-driven vehicle.  *See id.* at *11; TEX. CIV. PRAC. & REM. CODE § 101.021(1) (waiving governmental immunity).  The court read our decision in *Garcia* to hold that the "consent" referenced in subsection (b) includes the legislative waiver of immunity through the Tort Claims Act.  Although the court noted that its construction of the statute "seems problematic and inconsistent with the language of section 101.106," it concluded that it was "bound by that construction nonetheless."

governmental unit: "because of [plaintiffs'] failure to comply with section 101.106(f), the [governmental unit] retained its immunity from suit derived from section 101.106(b), and [plaintiffs] lost the opportunity provided by section 101.106(f) to name the [governmental unit] in place of [the employee] as the defendant in the lawsuit."), *disapproved of on other grounds by Franka*, 332 S.W.3d at 382 n.67.

*See* 2011 WL 1642179, at \*11; *see also id.* at \*10 ("In addition, this construction of the term 'consents' in subsection 101.106(b) seems to eliminate any real effect to the provision because plaintiffs have always been prohibited from suing governmental employers when immunity has not been waived. Stated differently, subsection 101.106(b) only bars subsequent suits against governmental employers that were already barred through the doctrine of sovereign immunity."). I disagree that this Court's opinion in *Garcia* mandates this "problematic" construction of subsection (b), which is "inconsistent with the language" of the statute and would render subsection (b) entirely superfluous.

The Court held in *Garcia* that subsection (b)'s "consent" exception includes a statutory waiver of immunity, but we were dealing in that case with a waiver under the Texas Commission on Human Rights Act, not a waiver under the Tort Claims Act, which itself contains section 101.106. 253 S.W.3d at 660. Based on this distinction, the governmental unit in the present case argues that consent under subsection (b) can only come from a waiver under a statute other than the Tort Claims Act. The Court disagrees. *Ante* at __. I also disagree with the governmental unit that "consent" can only be found in a statute other than the Tort Claims Act—subsection (b) contains no such limitation—but I agree that the statute treats claims brought under the Tort Claims Act's waivers of immunity differently than claims brought under other statutory waivers of immunity. The statute expressly distinguishes between requirements and limitations that apply only to claims under the Tort Claims Act—i.e., claims "under this chapter." *See* TEX. CIV. PRAC. & REM. CODE § 101.106.

There are at least two reasons that this distinction is important. First, claims brought under other statutory waivers of immunity are subject to a different set of jurisdictional requirements. This

14

distinction is key because a plaintiff's claims under the Tort Claims Act are subject to section 101.106(e) and (f), while claims brought under different statutory waivers of immunity are not. Second, failing to distinguish between claims brought under the Tort Claims Act and claims brought under a different statute not only ignores the Tort Claims Act's specific statutory requisites to suit but also renders subsection (b) meaningless. As the court of appeals recognized, under its construction of "consent," any claim for which governmental immunity is waived falls within subsection (b)'s "consent" exception; thus, subsection (b) only bars suit that are already barred by governmental immunity. *See* 2011 WL 1642179, at *10. I would not construe the consent language in a manner that renders subsection (b) meaningless. *See* 2011 WL 1642179, at *10; *cf. Franka*, 332 S.W.3d at 393 ("Statutory language should not be read as pointless if it is reasonably susceptible to another construction.").

Instead, I would hold that the State, on behalf of its governmental units, consents to suit within the meaning of 101.106(b) only when a claimant has complied with all jurisdictional requirements for filing suit under the immunity-waiving statute. *See Garcia*, 253 S.W.3d at 660 ("[T]he Legislature, on behalf of the ISD, has consented to suits brought under the TCHRA, *provided the procedures outlined in the statute have been met*.") (emphasis added). For suits brought under the Tort Claims Act, this includes compliance with section 101.106(f), which allows a plaintiff who has sued a government employee based on the employee's conduct within the scope of employment to substitute the governmental unit as defendant only if "the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant" within thirty days. TEX. CIV. PRAC. & REM. CODE § 101.106(f). A plaintiff who does not comply with this

15

statutory requirement does not have consent to amend the pleadings to sue a governmental unit under the Act. *See id.*; *see also Franka*, 332 S.W.3d at 371 n.9 (concluding that a motion for summary judgment based on section 101.106(f) asserts claim of governmental immunity).[8] In other words, subsection (f) provides consent to sue the government only if the plaintiff complies with subsection (f) and the Act's other jurisdictional requisites.

This construction is consistent with our holding in *Garcia*. The TCHRA claims that the Court held subsection (b) did not bar in *Garcia* were not subject to subsections (e) or (f). Subsections (e) and (f) apply only to claims that are or could have been brought under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e), (f); *Garcia*, 253 S.W.3d at 658–59. Subsection (b), on the other hand, is not limited to claims brought under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (b); *Garcia*, 253 S.W.3d at 660.

Subsections (e) and (f) operate in conjunction with subsections (a) and (b) to preclude Tort Claims Act plaintiffs from pursuing claims against both the governmental unit and its employee. Other statutory immunity waivers may permit a plaintiff to sue both the government and its employee, but like the TCHRA, may contain other limitations on the claimant's cause of action. *See, e.g.*, TEX. LAB. CODE §§ 21.208, 21.252 (requiring plaintiffs to pursue administrative relief before filing suit); *id.* § 21.211 (imposing different election-of-remedies on TCHRA plaintiffs).

---

[8] *See also City of Houston v. Esparza*, 369 S.W.3d 238, 249–50 (Tex. App.—Houston [1st Dist.] 2011, pet. denied Aug. 30, 2013) ("[S]ubsection (b)'s 'consent' exception permits a claimant to bring suit against a governmental unit only if the claimant has complied with all of the authorizing statute's jurisdictional requirements for bringing suit. For claims brought under the Tort Claims Act, the claimant must meet all of the Act's jurisdictional constraints . . . . By its plain language and very nature, the election-of-remedies provision is such a jurisdictional constraint.") (citations omitted).

16

Although subsection (b) reaches more than just claims brought under the Tort Claims Act, it contains an exception if the governmental unit consents to suit. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (b).  Absent this consent exception, subsection (b) would bar any plaintiff who has sued a government employee from also suing or recovering against the governmental unit (subject to subsection (f)), regardless of whether the plaintiff sued under the Tort Claims Act, the TCHRA, or another immunity-waiving statute. Subsection (b)'s consent exception permits each immunity-waiving statute to determine independently whether to permit suit against the government and its employee both or to restrict suit to one or the other, or to place some other restriction consistent with the statute's own scheme for granting a right to sue the governmental unit.  Thus, we concluded in *Garcia* that subsection (b) reached the plaintiff's TCHRA claims but did not bar those claims "provided the procedures outlined in the statute have been met."  253 S.W.3d at 660.

In the present case, subsection (b) would not bar the plaintiff's Tort Claims Act claims against the governmental unit if "the procedures outlined in the statute ha[d] been met"—specifically, if he had complied with the procedure allowed in subsection (f) for substituting the governmental unit as the defendant.  *See id.*  Because he sued the employee and then failed to dismiss the employee in response to the employee's motion, the plaintiff has not met the jurisdictional requirements necessary to trigger the Legislature's consent to sue the governmental unit under the Act.

**D.    The Court rewrites the statute to hold otherwise.**

The Court holds that, despite subsection (b)'s bar, subsection (f) permits the claims against the governmental unit to survive whether or not the plaintiff complies with subsection (f)'s

17

requirements. In my view, the majority reaches these conclusions only by substantially rewriting subsection (f) in a manner that causes the exception to swallow the rule.

The majority repeatedly says that subsection (f) "provides" that a suit to which it applies (that is, a tort action based on conduct within the general scope of employment that could have been brought against the governmental unit) "is considered to have been filed against the governmental unit, not the employee." *Ante* at __; *see also ante* at __ ("under subsection (f), [such a suit] is considered to have been brought against the governmental unit, *not* the employee") (emphasis in original); *ante* at __ (referring to "[s]ubsection (f)'s *express classification* of such a suit as one against the governmental unit") (emphasis added); *ante* at __ (characterizing subsection (f) as "clarifying that [such a suit] is 'considered to be against' the governmental unit itself, not the employee"). Subsection (f), however, does not say that a suit based on an employee's conduct within the scope of employment is, or is considered to be, "a suit against the governmental unit." To the contrary, it states that such a suit "is considered to be *against the employee* in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE § 101.106 (f) (emphasis added).[9]

It is true, as the Court notes, that we have held that "a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent,'" that the entity is "the real party in interest" in such a suit, and that such a suit "is, in all respects other than name, a suit against the entity." *Franka*, 332 S.W.2d at 382 n.68 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). But under the pleadings, such a suit is still a suit against the government

---

[9] This provision of the statute is not meaningless; even if the employee does not file a motion to dismiss, it prevents the plaintiff from recovering against a government employee personally for tortious conduct within the scope of employment. *See Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011) (observing that public employees were traditionally personally liable for their own torts, even if the torts occur within the scope of employment).

employee, and the government employee is still a named party to the suit, which is why subsection (f) says it is "considered to be against the employee in the employee's official capacity only," rather than that it is "considered to be against the governmental unit."

In essence, the Court construes the phrase "is considered to be against the employee in the employee's official capacity only" as effectuating an automatic substitution of the governmental unit for the employee, so that the suit is treated as a suit against the governmental unit (to which subsection (a) applies) rather than a suit against the employee (to which subsection (b) applies). But this is contrary to our previous construction of subsection (f). *See, e.g.*, *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011). In *Bailey*, we held that, because of the "is considered to be" clause in subsection (f), "[i]n effect, when [the plaintiffs] sued [the employee], they sued [the governmental unit]," but we expressly noted that "[s]ubstitution of the [governmental unit] as the defendant was not automatic; [the employee] was required to file a motion." *Id*.

More importantly, holding that subsection (f)'s "is considered to be" language somehow automatically substitutes the governmental unit for its employee is contrary to the language of subsection (f), and renders the second sentence of subsection (f) superfluous.[10] *See* Tex. Civ. Prac.

---

[10] The Court ostensibly identifies a consequence for failing to comply with the second sentence of subsection (f): "the consequence of failing to substitute the government for the employee in response to an employee's subsection (f) motion to dismiss (assuming the employee was sued in his official capacity) is that 'suit against the employee shall be dismissed." *Ante* at __; *see also ante* at __ ("[i]f the plaintiff fails to [dismiss the employee pursuant to subsection (f)], and the employee was sued in his official capacity only, then the case must be dismissed."). But the Court's holding is not consistent with these statements—the Court holds that the trial court and court of appeals properly allowed the plaintiff to proceed on his amended pleadings against the government without dismissal of this suit or re-filing of the claims against the government. Thus, the Court does not actually apply "the consequence of failing to dismiss the employee" it identifies; instead, there is no consequence. The Court elsewhere recognizes that, under its construction, it makes no difference whether the plaintiff complies with subsection (f) or not—dismissal of the employee "is required upon the filing of a motion to dismiss regardless of any further action by the plaintiff." *Ante* at __. Thus, the Court construes "the suit against the employee shall be dismissed *unless* the plaintiff files amended pleadings dismissing the employee and naming the governmental unit" to mean "the suit against the employee shall be dismissed [*regardless of whether*] the plaintiff files amended pleadings dismissing the employee and naming the governmental unit."

19

& REM. CODE § 101.106 (f). If, by saying the suit "is considered to be against the employee in the employee's official capacity only," the Legislature meant that the suit "is considered to be against the governmental unit only," then the Legislature would not have needed to say that the plaintiff must file amended pleadings "naming the governmental unit as defendant," nor would it be necessary for the statute to dictate dismissal of the employee.

As written, subsection (f) expressly states that the substitution of defendants occurs only if the employee files a motion to dismiss and the plaintiff timely files amended pleadings substituting the defendants. *See id.* Otherwise, it remains a suit against the employee, but because it is based on conduct within the scope of employment, it is "considered to be against the employee in the employee's official capacity only." The fact that the suit against the employee is considered to be against the employee in the employee's official capacity only is the reason the Legislature permits the substitution; it is not a reason to treat the expressly mandated procedure for substitution as superfluous and optional.

The Court also rewrites the statute by holding that, "while the Legislature has set out a procedure for the dismissal of a suit against an employee who was acting within the course of employment, this procedure is immaterial to whether suit may be maintained against the proper defendant—the government." *Ante* at __. Similarly, the Court says that the "suit against the

---

The Court responds to this criticism by stating that its holding requires dismissal of the claims against the employee, even if it permits the case to proceed against the governmental unit. *Ante* at __. But under the Court's construction, this suit is (and has always been) a suit against the governmental unit, not a suit against the employee. Under that construction, dismissal of the employee is already required by subsection (a), which immediately and forever bars a suit from proceeding against a governmental employee upon filing of the same claims against the governmental employer. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (a). Additionally, the Court offers no explanation as to why the Legislature would provide a specific procedure for, and impose a thirty-day time limit on, the plaintiff's voluntary dismissal of the government employee if the Legislature intended that there would be no consequence for ignoring both the procedure and the time limit.

20

governmental unit should proceed because the plaintiff was entitled to, and did, amend his pleadings to assert a [Tort Claims Act] claim against the government." *Ante* at __. In my view, these statements simply ignore the language of subsection (f), effectively striking out the portion that allows a plaintiff to file "amended pleadings dismissing the employee *and* naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." TEX. CIV. PRAC. & REM. CODE § 101.106 (f) (emphasis added). Subsection (f) is not an open-ended invitation for plaintiffs to bring suit against a governmental unit after suing the governmental unit's employee; it provides a single, specific procedure by which plaintiffs who have sued a government employee for conduct within the scope of employment can avoid dismissal of their entire case by adding the governmental unit as a defendant and voluntarily dismissing their claims against the employee.

It is important to note that the Court never holds or even contends that the plaintiff complied with subsection (f)'s requirement that he timely amend his pleadings to dismiss the employee and name the governmental unit as defendant. Instead, the Court just construes subsection (f) to not require that at all, despite the fact that it expressly does. The Court's construction of subsection (f) renders subsection (b) meaningless for Tort Claims Act plaintiffs. Subsection (b) expressly prohibits such plaintiffs from filing suit or recovering against a governmental unit after filing suit against one of its employees regarding the same subject matter. *Id.* § 101.106 (b). Under the Court's construction, this prohibition does not apply to a plaintiff who brings claims under the Act based on conduct within the scope of employment. But those are the only Tort Claims Act claims that subsection (b) bars—suit against a governmental unit based on conduct outside the scope of employment is already barred by governmental immunity, and employers are not generally

21

vicariously liable for employee conduct outside the scope of employment regardless. *See id.* § 101.021; *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573,577 (Tex. 2002) (observing that employer is generally only liable for employee's acts within course and scope of employment).

The Court responds that its construction of subsection (f) does not render subsection (b) meaningless, rather it only "mitigate[s] the harsh consequences imposed by subsection (b) with respect to [Tort Claims Act] claims[.]" *Ante* at __. Although the Court uses the word "mitigates" rather than "eviscerates," it does not identify any way in which subsection (b) could bar any Tort Claims Act under its construction of the statute unless the claim was already barred by governmental immunity. The Court may intend to imply that, while its construction renders subsection (b) meaningless for Tort Claims Act plaintiffs, subsection (b) could still have some effect on suits brought under other statutory waivers of immunity because such suits are not subject to subsection (f). But this Court has already held that, under the "consent" exception, subsection (b) does not bar claims brought under other statutory waivers of immunity "provided that the procedures outlined in the statute have been met." *Garcia*, 253 S.W.3d at 660. And, of course, if the immunity-waiving statute's prerequisites to suit are not met, the claims are barred by immunity anyway. *See* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

To have any effect, subsection (b) must prohibit suit when the Act's waiver of immunity would otherwise allow it. It is unclear when, under the Court's construction, subsection (b) would ever bar an otherwise-allowed suit against a governmental unit after the filing of suit against a government employee. Yet, that is exactly what subsection (b) expressly prohibits in broad and

22

decisive terms. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (b). Moreover, even assuming that the Court's construction leaves subsection (b) with some effect, albeit only on non-Tort Claims Act suits, it is difficult to square subsection (b)'s language—which we have construed as applying to "*any suit* against the governmental unit," *Garcia*, 253 S.W.3d at 659—with an impact that is limited to claims that are not brought under the Act in which it appears.

## III.
## Conclusion

Section 101.106 of the Tort Claims Act is complex and difficult to construe, but I believe the Court has done it too much damage. Under the statute, a suit against a government employee based on conduct within the scope of employment is still a suit against a government employee. That is why, if the employee files a motion to dismiss, the statute says the plaintiff must amend to dismiss the employee and name the governmental unit as defendant. Otherwise, subsection (f) requires dismissal of the suit against the employee and does not authorize adding claims against the governmental unit, and subsection (b) bars any such claims. By holding that a suit against an employee is actually a suit against the governmental unit, the Court rewrites subsection (f) and renders subsection (b) essentially meaningless. Because the plaintiff in this case did not timely file

"amended pleadings dismissing the employee and naming the governmental unit as defendant," I would hold that subsection (f) does not authorize his amended pleadings, and his claims against the governmental unit must be dismissed.

_____
Jeffrey S. Boyd
Justice

**OPINION DELIVERED:** August 30, 2013